IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

TRIDENT INDUSTRIES, LLC,          )
                                  )
           Plaintiff,             )
                                  )
     v.                           )    No. 14 C 4705
                                  )
MACHINE PRODUCTS, INC., et al.,   )
                                  )
           Defendants.            )

**MEMORANDUM OPINION**

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Defendants' motion to transfer. For the reasons stated below, the motion to transfer [29] is denied.

**BACKGROUND**

Plaintiff Trident Industries, LLC (Trident) is allegedly a high-technology designer, manufacturer, distributor, and seller of composite utility poles and related products and equipment. Defendant Lee Green (Green) is allegedly the President of Defendant Machine Products, Inc. (MPI). In 2012, Green allegedly approached Trident and proposed that MPI become a manufacturer and supplier of utility poles and tools to Trident. According to Trident, Green gave certain false assurances to Trident regarding meeting specification and deadlines, and based on such assurances,

1

Trident agreed to hire MPI, pursuant to the terms of a Master Agreement (Master Agreement). Trident alleges that MPI failed to meet its obligations under the Master Agreement by failing to manufacture and deliver products as required under the terms of the Master Agreement, overcharging Trident for labor, misusing Trident's payments for personal uses, and improperly threatening to shut down the manufacturing facility and deny Trident access to the facility. Trident claims that it notified MPI that its alleged non-compliance with the terms of the Master Agreement was placing in jeopardy the commitments from some of Trident's largest customers and was preventing Trident from expanding its business. On February 28, 2014, afer months of alleged non-compliance by MPI, Trident allegedly notified MPI that is was terminating the Master Agreement consistent with the termination provisions in that agreement.

Trident includes in its complaint a breach of contract claim brought against MPI (Count I), a breach of implied covenant of good faith and fair dealing claim brought against MPI (Count II), fraud claims brought against MPI and Green (Count III), conversion claims brought against MPI and Green (Count IV), negligence claims brought against MPI and Green (Count V), accounting claims brought against MPI and Green (Count VI), and constructive trust claims brought against MPI and Green (Count VII). Green filed a motion to dismiss contending that he was not subject to personal jurisdiction in Illinois, and on October 27, 2014, this court denied the motion to dismiss, finding in part that Green purposefully contacted individuals in Illinois as part of his alleged tortious conduct. Defendants now move to transfer

2

the instant action.

**LEGAL STANDARD**

A district court may transfer an action to another district where the action might have been brought pursuant to 28 U.S.C. § 1404(a) (Section 1404(a)) "[f]or the convenience of parties and witnesses," and if it is "in the interest of justice . . . ." 28 U.S.C. § 1404(a). In order to transfer a case, the transferor court must first find that: (1) venue is proper in the transferor district, *see Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 219 (7th Cir. 1986)(stating that a court "in which a suit is filed with proper venue" may transfer an action pursuant to § 1404(a)), and (2) venue is proper in the transferee district. *See* 28 U.S.C. § 1404(a)(stating that transfer can only be made to a district in which the action "might have been brought").

**DISCUSSION**

Defendants move to transfer the instant action to the United States District Court for the Eastern District of Texas, Sherman Division (Texas District). The parties have not disputed that the Northern District of Illinois and the Texas District are proper venues. (Mot. 8); (Ans. 12).

I. Trident's Choice of Forum

Trident argues that its choice of forum is entitled to deference. In considering whether to transfer an action, the court should "give some weight to the plaintiff's

choice of forum." *Federal Deposit Ins. Corp. v. Citizens Bank & Trust Co. of Park Ridge, Ill.*, 592 F.2d 364, 368 (7th Cir. 1979); *see also In re National Presto Industries, Inc.*, 347 F.3d 662, 664 (7th Cir. 2003)(stating that "'unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed'")(quoting in part *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1947)). Trident's choice of forum in Illinois, where Defendants allegedly reached out to conduct business and harm Trident, is entitled to significant deference. The court must consider Trident's choice to litigate in Illinois as opposed to the distant locale in the Texas District. It is also important to note that in entering into the Master Agreement with Defendants, Trident sought to protect itself from being forced to litigate in Texas as to breaches of the Master Agreement by the inclusion of a forum-selection clause in the Master Agreement providing that all of the parties to the Master Agreement will submit to the exclusive jurisdiction of the federal and state courts in Cook County, Illinois.

II. Convenience of Parties and Witnesses

Defendants argue that the convenience of the parties and witnesses would be best served by a transfer of the instant action to the Texas District.

A. Forum-Selection Clause

Trident contends that since Defendants entered into a valid forum-selection clause, the consideration of any inconvenience to Defendants should be limited. The

Supreme Court has recently held in *Atlantic Marine Const. Co., Inc. v. U.S. Dist. Court for Western Dist. of Texas*, 134 S.Ct. 568 (2013), that although "[o]rdinarily, the district court would weigh the relevant factors and decide whether, on balance, a transfer would serve the convenience of parties and witnesses and otherwise promote the interest of justice," when the parties agree to a valid forum-selection clause, "[t]he calculus changes," and "a valid forum-selection clause [should be] given controlling weight in all but the most exceptional cases." *Id.* (internal quotations omitted)(quoting *Stewart Organization, Inc. v. Ricoh Corp.*, 487 U.S. 22, 31 (1988). In the instant action, Defendants have not shown that the forum-selection clause in the Master Agreement is invalid. Defendants, by entering into the Master Agreement with the forum-selection clause, have in essence waived their right to complain of the inconvenience of having to litigate in Illinois, and Trident protected its interest in not having to travel to Texas to litigate for breaches of the terms of the Master Agreement. *See Atlantic Marine Const. Co., Inc.*, 134 S.Ct. at 581 (explaining that the "enforcement of valid forum-selection clauses, bargained for by the parties, protects their legitimate expectations and furthers vital interests of the justice system")(internal quotations omitted)(quoting *Stewart*, 487 U.S. 22).

Defendants argue that Trident have waived the forum-selection clause in the Master Agreement because Trident has initiated an action against Defendants in the Texas District. Defendants contend that the action in the Texas District involves the same "subject" matter as the instant action. (Mot. 2). The court notes that Defendants object to a declaration filed by Trident relating to the differences

5

between the instant action and the action in the Texas District. However, the objections are moot since as Defendants themselves point out the record speaks for itself. (Reply 2). Aside from the declaration, Trident has shown that the contracts at issue in the case in the Texas District do not involve the same subject matter as the instant action. Defendants acknowledge that the action brought in the Texas District relates to alleged breaches of another "series of contracts," rather than a breach of the Master Agreement, which is at issue in this case. (Mot. 5). Defendants have not shown that any claim brought in the action filed by Trident in the Texas District is premised on an alleged breach of the Master Agreement as is alleged in the instant action. Defendants, which are sophisticated parties, chose to enter into the Master Agreement, which provided the following: "The Parties hereby irrevocably submit to the exclusive jurisdiction of the federal and state courts located in Cook County, Illinois for resolution of any claim under this Agreement. . . ." (Master Par. 15(c)). If as the record indicates, Defendants chose to enter into the Master Agreement with such a forum-selection clause and then chose to enter into other agreements with Trident without forum-selection clauses, Defendants should have been aware that they might be subjected to litigation in different districts. Thus, the inconvenience that Defendants now complain of was of their own making.

Defendants also contend that this case and the case brought in the Texas District are "inextricably intertwined," (Mot. 8), but if Defendants believed contracts they formed with Trident to be so closely related and Defendants desired litigation as to all such contracts to be in the same district, Defendants should have included such

provisions in their contracts with Trident. *See BouMatic, LLC v. Idento Operations, BV*, 759 F.3d 790, 793 (7th Cir. 2014)(stating that "[a] forum-selection clause can work only if both parties are amenable to suit in the chosen forum; to agree to a forum thus is to agree to personal jurisdiction in that forum"). Defendants have not shown that Trident has breached any provision of any contract with Defendants in bringing the instant action in the instant district. Trident in fact correctly points out that Defendants, in pursuing the instant motion, are breaching their express promise in the Master Agreement not to "assert any defense to any suit, action or proceeding initiated by the other within Cook County, Illinois based upon improper venue or inconvenient forum." (Master 15(c)). Thus, any inconvenience to Defendants in defending the instant action is of little relevance since it was part of the bargained-for-exchange when entering into the Master Agreement with Trident. Defendants have not shown that Trident waived the forum-selection clause in the Master Agreement and Defendants cite no controlling precedent that supports their strained logic as to waiver by Trident.

### B. Third Parties

Trident contends that, to the extent that third parties are inconvenienced by litigation in the instant district, such impact would be the same or less than that of litigation in the Texas District. The Seventh Circuit has indicated that a court should keep separate the analysis of "general contract validity and the third-party consequences which alone justify treating the validity of a forum selection clause

7

differently from that of the contract that contains it." *Northwestern Nat. Ins. Co. v. Donovan*, 916 F.2d 372, 376 (7th Cir. 1990). The Seventh Circuit has stated that "the only good reason for treating a forum selection clause differently from any other contract (specifically, from the contract in which the clause appears) is the possibility of adverse effects on third parties," and "[w]here that possibility is slight, the clause should be treated like any other contract." *Id.* In the instant action, Defendants have not shown any significant inconvenience to third parties if the action is litigated in the instant district. To the extent that such third parties face inconveniences, Defendants have not shown that such inconveniences would be alleviated if the case were transferred to the Texas District. Trident has shown that there are third parties in Illinois and nearby Wisconsin, Ohio, and Indiana. Thus, a consideration of the inconvenience to third parties favors denying the motion to transfer.

### C. Shifting of Inconvenience

Trident argues that even if the court were to fully consider all aspects of the convenience factors in this case, it favors denying the motion to transfer. Trident has shown that they would be severely inconvenienced and prejudiced if they were required to litigate the instant action in the Texas District. Trident has shown that it has significant documents and other evidence located in Illinois, and that there are material witnesses located in Illinois and in locations other than Texas. Defendants have not explained why it would be significantly difficult to transfer documents to Illinois. The convenience factor does not support a transfer if it merely makes it

8

more convenient for a defendant at the expense of the plaintiff. *See Fasoli v. Voltage Pictures, LLC*, 2014 WL 7365936, at *2 (N.D. Ill. 2014)(stating that "[a] transfer must promote the efficient administration of justice, rather than simply shift the inconvenience from one party to the other"); *Perry v. Cable News Network, Inc.*, 2014 WL 4214873, at *3 (N.D. Ill. 2014)(stating that "'[a] court will not grant a motion to transfer if it will merely shift the inconvenience from one party to another'")(quoting *Medi USA v. Jobst Institute, Inc.*, 791 F. Supp. 208, 211 (N.D. Ill. 1992)). Thus, the transfer that Defendants seek in the instant motions would simply shift the inconvenience from Defendants to Trident. Based on the above, the convenience factor clearly supports Trident in this instance. Defendants, as the movants, have the burden to show that the "the transferee forum is clearly more convenient," and Defendants have not met such burden. *Heller Financial, Inc. v. Midwhey Powder Co., Inc.*, 883 F.2d 1286, 1293 (7th Cir. 1989)(quoting *Coffey*, 796 F.2d at 219-20).

III. Interest of Justice

Defendants contend that the interest of justice would be promoted by a transfer to the Texas District. In addressing the interest of justice factor, a court may consider: (1) whether a transfer promotes the "efficient administration of the court system," (2) whether the action could be consolidated with other actions in the transferee district, (3) whether the judges in the transferee district are more familiar with the pertinent state law, (4) whether jurors in a particular district have a

"financial interest in [the] case," and (5) which district would have jurors that could "best apply community standards." *Coffey*, 796 F.2d at 220-21, 221 n.4; *see also Atlantic Marine Const. Co., Inc.*, 134 S.Ct. at 581 n.6 (stating that "[p]ublic-interest factors may include the administrative difficulties flowing from court congestion; the local interest in having localized controversies decided at home; [and] the interest in having the trial of a diversity case in a forum that is at home with the law")(internal quotations omitted)(quoting *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241, n. 6 (1981)). The court should also consider whether the transferee district has a lighter docket than the transferor district. *In re National Presto Indus., Inc.*, 347 F.3d at 664. In addressing the interest of justice factor, the transferor court should focus on whether the proposed transfer would promote the "efficient functioning of the courts." *Coffey*, 796 F.2d at 221. The interest of justice factor does not involve a consideration of the merits of the plaintiff's claim. *Id.*

This court has a local interest in resolving harm allegedly done to a local Illinois company by Defendants who allegedly perpetrated fraud and breached their contractual obligations. Although the Master Agreement provides that Texas law will govern certain issues, (Master Par. 15(a)), Defendants have not shown any significant differences between Illinois and Texas contract law and fraud law that would render familiarity with Texas law by Texas courts a significant factor. Nor have Defendants shown that requiring Trident to litigate the instant action in the Texas District where Trident has brought the other action against Defendants would materially promote judicial efficiency. While there may be some overlapping of

facts in both cases, there does not appear to be any great benefit to judicial economy in transferring this case. Thus, the interest of justice factor does not favor a transfer. Therefore, based on the above, the motion to transfer is denied.

## CONCLUSION

Based on the foregoing analysis, Defendants' motion to transfer is denied.

```
                                    _____
                                    Samuel Der-Yeghiayan
                                    United States District Court Judge
```

Dated: January 15, 2015